TRACFONE WIRELESS,
INC., Petitioner,

v.

**Patrick LaMARSH and Holden Property
Services, LLC, Respondents.**

No. 2:14mc373.

United States District Court,
W.D. Pennsylvania.

Signed April 1, 2015.

Aaron S. Weiss, Carlton Fields PA, Miami, FL, for Petitioner.

#### MEMORANDUM ORDER

DAVID STEWART CERCONE, District Judge.

Petitioner, Tracfone Wireless, Inc. ("Tracfone" or "Petitioner") initiated this matter pursuant to Rule 45(g) of the Federal Rules of Civil Procedure moving for entry of an Order requiring Respondents, Holden Property Services, LLC ("Holden"), and Patrick LaMarsh, ("LaMarsh") (collectively "Respondents") to appear before this Court and show cause why they should not (1) be held in contempt for failure to comply with properly issued and served subpoenas [1] for depo-

---

1. Pursuant to the subpoenas, the depositions and production of records were scheduled to com- mence at 9:00 a.m. on Wednesday, September 17, 2014, at the United States District Court-

sition *duces tecum* and (2) be required to reimburse Tracfone for its costs incurred in connection with the deposition. (ECF No. 2). By Order dated November 7, 2014, this Court set a hearing for December 18, 2014, at 12:30 p.m. for Respondents to show cause as to why they should not be held in contempt for failure to comply with the subpoenas. (ECF No. 6).

Respondents were served with a copy of the Order via hand delivery by Federal Express on November 8, 2014, and by a process server on December 11, 2014. (ECF No. 7). Respondents failed to appear for the hearing. By Order dated December 19, 2014, the Respondents were found in contempt of Court, and the Court set a contempt hearing for January 9, 2015, to afford Respondents their due process rights to notice and a hearing before the imposition of contempt sanctions. (ECF No. 9). Upon motion by Petitioner, the hearing was rescheduled for January 14, 2015. (ECF Nos. 10 & 11). The Courts Orders were sent to Respondents by both regular and Certified United States Mail[2]. Respondents again ignored the Order of Court and failed to appear for the contempt hearing on January 14, 2015.

 Courts possess an inherent power to assess sanctions where a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons," for example by "delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers v. NASCO,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). While it should be used sparingly, a court's power to punish contempt

> is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.

*Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911); *see also Roadway Express v. Piper,*

447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (a judge must have and exercise with restraint and discretion the inherent power of the contempt sanction in order to protect the due and orderly administration of justice and to maintain the authority and dignity of the court.)

 Civil contempt sanctions are "penalties designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). Sanctions for criminal contempt are "punitive, to vindicate the authority of the court." *Id.* at 827–828, 114 S.Ct. 2552 (1994); *see also Roe v. Operation Rescue,* 919 F.2d 857, 868 (3d Cir.1990). Moreover, "civil contempt may be employed to coerce [a party] into compliance with the court's order and to compensate for losses sustained by the disobedience." *Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs.,* 2011 WL 1399081, *4, 2011 U.S. Dist. LEXIS 39496, *13–*14 (W.D.Pa. Apr. 12, 2011) (quoting *McDonald's Corp. v. Victory Inv.,* 727 F.2d 82, 87 (3d Cir.1984)). A district court may impose a wide range of sanctions for civil contempt, including incarceration, fines, or a reimbursement of costs to the complainant. *Shulman v. Chromatex, Inc.,* 2012 WL 3289006, *2–3, 2012 U.S. Dist. LEXIS 112988, *9 (M.D.Pa. Aug. 10, 2012).

 To prove civil contempt, the court must find that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *See Harris v. City of Phila.,* 47 F.3d 1311, 1326 (3d Cir.1995) (citing *Roe v. Operation Rescue,* 919 F.2d at 871). These elements must be established by clear and convincing evidence. *Id.* at 1321. It has been clearly established that Respondents are in civil contempt of this Court and sanctions are appropriate.

house, Western District of Pennsylvania, Pittsburgh Division, 700 Grant Street, Pittsburgh, Pennsylvania, 15219

**2.** The return receipt was received by the Court, and such receipt was signed by Patrick LaMarsh and dated 12/24/14.

■ Therefore, beginning on, and including, April 6, 2015, Respondents will be required to pay two hundred dollars ($200.00) per day to the Clerk of Court for the United States District Court for the Western District of Pennsylvania, until such time as Respondents, or counsel for Respondents, contact Aaron S. Weiss, Esquire, and the law firm of Carlton Fields Jorden Burt, P.A., at telephone no. 305-530-0050 and schedule a time and place for the deposition of Patrick LaMarsh. Respondents are also responsible for the fees and expenses of Petitioner with regard to the: (1) depositions and production of records scheduled for September 17, 2014; (2) show cause hearing scheduled for December 18, 2014; and (3) contempt hearing for scheduled for January 14, 2015.

■ As set forth above, incarceration is also a sanction available to the Court. In civil contempt proceedings imprisonment is not inflicted as a punishment, but is intended to be remedial by coercing the party to do what he or she has previously refused to do. *See Gilgallon v. County of Hudson*, 2006 WL 1948985, *2–3, 2006 U.S. Dist. LEXIS 46825, *8 (D.N.J. July 10, 2006) (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. at 441, 31 S.Ct. 492). The incarceration sanction may be imposed if the contemnor fails after a designated period of time to comply with a court's order or may take the form of imprisonment for a fixed term, provided that the contemnor has the option of earlier release if he complies. *Shillitani v. United States*, 384 U.S. 364, 370, n. 6, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (upholding as a civil contempt sanction "a determinate sentence which includes a purge clause"). To purge himself from contempt and thus avoid or terminate his confinement, the contemnor need only comply with the contempt order or show by clear and convincing evidence that he is presently unable to comply with it. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). The Supreme Court in *Rylander* specifically stated:

In a civil contempt proceeding ... a [contemnor] may assert a present inability to comply with the order in question. . . .

While the court is bound by the enforcement order, it will not be blind to evidence that compliance is factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the [contemnor] has a burden of production.

*Id.* (citations omitted).

Therefore, if Respondents have not complied with the Court's Order to schedule LaMarsh's deposition and to reimburse Petitioner's deposition expenses by April 20, 2015, LaMarsh shall be ordered to appear immediately before this Court to present evidence that Holden and he cannot presently comply with this Order. LaMarsh should bear in mind, however, that the Court will entertain the argument that he or Holden cannot presently pay the fine or reimburse the litigation expenses only if he offers evidence of "factual impossibility" to do so. LaMarsh's failure to appear before the Court or to present such evidence shall result in his immediate arrest and imprisonment for civil contempt[3] until he complies with this Order or causes Holden to comply.

Accordingly,

### ORDER OF COURT

AND NOW, upon consideration of Tracfone's Motion for Order to Show Cause Why Respondents should not (1) be held in contempt for failure to comply with properly issued and served subpoenas for deposition *duces tecum* and (2) be required to reimburse Tracfone for its costs incurred in connection with the deposition. (**ECF No. 2**), and Defendants failure to comply with Orders of this Court (**ECF Nos. 6 & 11**), in accordance with the accompanying Memorandum,

IT IS HEREBY ORDERED that Holden Property Services, LLC ("Holden"), and Patrick LaMarsh, ("LaMarsh") are in contempt for failure to comply with properly issued and served subpoenas and for failure to comply with Orders of this Court dated Novem-

---

**3.** It should also be noted that if LaMarsh schedules his deposition but does not appear at the deposition, this Court will order his immediate arrest and imprisonment for civil contempt.

ber 7, 2014, and December 19, 2014, and are sanctioned as follows:

(1) Beginning on, and including, **April 6, 2015,** Holden and LaMarsh shall pay two hundred dollars ($200.00) per day to the Clerk of Court for the United States District Court for the Western District of Pennsylvania, until such time as Holden and LaMarsh, or counsel for Holden and LaMarsh, contact Aaron S. Weiss, Esquire, and the law firm of Carlton Fields Jorden Burt, P.A., **at telephone no. 305–530–0050** and schedule a time and place for the deposition of Patrick LaMarsh.

(2) Holden and LaMarsh are liable to Tracfone Wireless, Inc. for Attorney Weiss' expenses in the amount of $1,707.80, as documented in Exhibit I to its Motion for Order to Show Cause, (**ECF No. 2**), incurred for travel to LaMarsh's deposition scheduled for September 17, 2014. Payment shall be remitted to Tracfone **on or before April 20, 2015.**

(3) Tracfone may file with the Court a supplemental application for fees and expenses incurred in preparing for and attending the hearings scheduled for December 18, 2014, and January 14, 2015, **on or before April 20, 2015.** Holden and LaMarsh may file any response thereto by **May 4, 2015.**

(4) Tracfone shall notify this Court immediately upon the scheduling of LaMarsh's deposition, or upon the failure of Holden and LaMarsh to schedule such deposition.

(5) The liability of Holden and LaMarsh under this Order shall be joint and several.

(6) If Holden and LaMarsh have not complied with the Court's Order to schedule LaMarsh's deposition and to reimburse Petitioner's deposition expenses by **April 20, 2015,** LaMarsh shall be ordered to appear immediately before this Court to present evidence why Holden and he cannot comply with this Order.

(7) Failure to attend a deposition scheduled pursuant to this Order shall result in LaMarsh's immediate arrest and imprisonment for civil contempt.